UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH E. WALSH and ELIZABETH J. WALSH, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Case No. 4:16CV1451 HEA |
| LARRY E. O'HARA, JR., G.E.A.R.S. and AUCTION HOLDINGS AND ACQUISITIONS, INC., | | |
| Defendants. | | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 19]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is denied.

**Facts and Background**

The following facts are taken from Plaintiffs' Complaint and are assumed true for purposes of this motion to dismiss.

Defendants engage in or have engaged in the repair, restoration, purchase, brokerage, and/or sale of vintage cars, classics, hot rods, muscle cars and exotic automobiles. Defendants claim to be a "luxury and exotic auto remarketing firm

specializing in wholesale and retail automotive remarketing solutions as well as direct order acquisitions."

Defendants advertise that "[i]n the retail market, our quality standards and services are simply unmatched. While the majority of retail units are secured via Pre-order, some are offered for sale online and in our facility." Defendants also advertised on eBay and in *Hemmings,* a prominent and widely distributed Collector car publication, that it "provides prompt shipping/transportation solutions via several trusted vendors throughout the US and overseas.

On or about February 19, 2016 Defendants, through the screenname atlporsche, listed on eBay what they described and represented to be a 1959 Mercedes-Benz W121 190SL Roadster (the "1959 Mercedes"), having been "completely restored" 20 years ago and having, at all times since, been maintained in climate controlled storage in order to preserve it. The description of the car on eBay described: "The 548th car built by Mercedes-Benz in 1959, this rare survivor was, in addition to its complete restoration once in its lifetime by its prior collector owner of 20 years, recently professionally refreshed while maintaining original vintage parts. Stored in a climate controlled environment and has not been in any inclement weather since restoration. The car includes additional original parts and accessories, both Solex and Weber Carburetors (Weber Currently Mounted), Two sets of keys complete on vintage MB keyring(s), Owner's Manual, Complete Tool

Kit and Wrap, Original Jack and spare as well as a 5th finished to match Wheel Cap."

The eBay description further stated: "This 190 of course runs and drives flawlessly, all gears operate smoothly and all systems/lights/radio etc. function including the dash, courtesy and clearance lights. The vintage Becker Mexico is operative inclusive of the intriguing auto search/scan operations and is partnered with the original vintage cloth wrapped speaker and housing. In addition to cosmetics the G.E.A.R.S® team has insured the car is mechanically sorted inclusive of all fluids being flushed/changed during inspection/service. The car is on display on the dealerships showroom floor. She of course gets far more attention than any of the exotics on display …regardless of make or price point."

The eBay description further stated: "This is a rare find and there are no issues with this highly sought Mercedes-Benz. Yes, the car, interior, trunk and engine bay is that clean. Aside from age/dust and some limited flaking the underneath maintains is [sic] finish from the prior restoration. In the operations of a well-respected remarketing firm in the European/exotics business for over 18 years this is one of the most perfect 190SL's we have ever experienced at this price point."

The G.E.A.R.S. website, to which the eBay listing references and which plaintiff Joseph Walsh viewed prior to purchasing the sale, described the car as a

1959 Mercedes-Benz Wl21 190SL Roadster in "Outstanding Condition[]" including "20Yr Old Restoration" and "rare" from the "Reserve Collection."

Defendants further represented that there were only four things that needed attention in order to bring the 1959 Mercedes back to a very high standard following its complete restoration 20 years ago. Those four things were: (1) Chrome windshield surround was pitted and needed re-chroming; (2) Chrome rear-view mirror was pitted and needed to be re-chromed; (3) Chrome gas cap was pitted and needed to be re-chromed; and, (4) Shift knob was original and showed evidence of crazing/cracking.

During negotiations for the purchase of the 1959 Mercedes, G.E.A.R.S agent, O'Hara made multiple descriptions and representations to plaintiff Joseph Walsh regarding the authenticity, pedigree, low original mileage, provenance, and "completely restored" status of the car.

Among other things, Defendants, through G.E.A.R.S. agent O'Hara assured Walsh that the car had been "completely restored" 20 years ago and had been kept in a climate controlled environment and out of inclement weather since then, and was in "outstanding" and "mint" condition with what Defendants believed to be only 38,000 original miles.

The eBay "Item Description" was an essential and material part of the eBay contract.

Based on the Item Description and Defendants' representations, through eBay using screenname STL-Joe!, plaintiff Joseph Walsh made a bid of $125,000 for the "completely restored" 1959 Mercedes. Defendants' accepted the Walshes' bid. Defendants' acceptance of the offer created a contract between Plaintiffs and Defendants based on the eBay listing ("the eBay contract"), by which Defendants agreed to deliver a "completely restored" 1959 Mercedes 190SL, and Plaintiffs agreed to pay $125,000.

Upon Defendants' acceptance of Plaintiffs bid, Walsh paid a $1,000 deposit via PayPal. The remaining $124,000 was transferred to Defendants' through the Walshes' financial institution.

The 1959 Mercedes had never been completely restored and Defendants failed to correct this mis-description and never disclosed that additional work needed to be done on the car.

Immediately upon delivery, it was apparent to plaintiff Joseph Walsh, that the vehicle delivered did not match the description of having been "completely restored." Plaintiff Joseph Walsh contacted G.E.A.R.S.'s agent O'Hara while the vehicle was being delivered, who offered to reduce the price, but refused to allow the vehicle to be returned.

Walsh discovered evidence indicating that the 1959 Mercedes had not actually ever undergone a complete restoration as described by Defendants. Among other things, Walsh discovered evidence that:

> a. The car's frame is in original and not restored condition, and has never been media-blasted to bare metal as a restored car's frame would have been and shows substantial visible rust;
>
> b. The car's body shows rust in at least three locations that have been clumsily hidden by recent paint;
>
> c. The car's wiring is seen to be original in many places which is inconsistent with a "complete restoration";
>
> d. The car's driver's door is not properly aligned with the body and is recessed in the door opening;
>
> e. The interior regions of both of the car's rear quarter panels/wheelwells (not visible from general exterior inspection) show very poor quality body work with brazed in scrap metal supports and substantial amounts of Bondo plastic body filler. This is antithetical to actual restoration-quality body work which would use very little, if any filler.

In addition, Walsh discovered that Defendants had made further mis-descriptions regarding the 1959 Mercedes's condition, including his discoveries that:

> a. All gages do not work properly, in direct conflict with Defendants' representations. For example, the water gage and fuel gages do not work; and
>
> b. The engine does not start and run seamlessly, in direct conflict with Defendants' descriptions and representations. For example, the engine idles high at over 2000 rpms and the motor knocks under low load.

6

At no time prior to the delivery was Walsh aware of, nor was Walsh made aware of, any of the defects or the nonconformities of the 1959 Mercedes to the vehicle that was contracted for, as outlined herein.

At no point during plaintiff Joseph Walsh's communications with Defendants prior to the sale of the 1959 Mercedes did Defendants make plaintiffs aware of the defects and the non-conformities of the 1959 Mercedes, as outlined.

## Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir.2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S 679.

Under Missouri law, a breach of contract claim consists of four elements: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010).

**Defendant O'Hara**

Initially, Plaintiffs agree that Defendant O'Hara is individually no longer a party to this litigation. Plaintiffs advise the Court and Defendants that references to O'Hara are in his capacity as an agent. Plaintiffs consent to dismissal of Defendant O'Hara individually.

**Counts I, II, VII, and VII**

Defendants move to dismiss Counts I, II, VII, and VIII for failure to state a claim, arguing that the First Amended Complaint is substantively identical to the original Complaint. In its Opinion, Memorandum and Order dismissing the contract and breach of warranty claims alleged in the original Complaint, the Court observed that Plaintiff sought leave to attach the contract referenced in Defendants' motion to dismiss.

The complexion of Plaintiffs' claims in the First Amended Complaint, however, has changed. Plaintiffs' First Amended Complaint now claims that a contract was formed when Defendants accepted Plaintiffs' counteroffer of

8

$125,000 in response to the Ebay advertisement of the subject car. Plaintiffs allege that the terms of the contract are contained in the Ebay description of the car and that the parties agreed to the purchase of the car as specified for the purchase price of $125,000. Upon acceptance of Plaintiffs' counteroffer, according to the First Amended Complaint, the parties entered into an enforceable contract.

While Defendants contend that the contract entered into between the parties is that memorialized in the documents Defendants attach to their motion to dismiss, at this stage of the litigation, the Court is not at liberty to consider matters outside the pleadings and must ascertain the sufficiency of Plaintiffs' First Amended Complaint as set forth by Plaintiffs.

The First Amended Complaint sets forth sufficient allegations to state a claim for breach of contract and breach of warranties. "The essential elements of an enforceable contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation. *Computer Network, Ltd. v. Purcell Tire & Rubber Co.,* 747 S.W.2d 669, 675 (Mo.App.1988); *Bengimina v. Allen,* 375 S.W.2d 199, 202 (Mo.App.1964)." *L.B. v. State Comm. of Psychologists*, 912 S.W.2d 611, 617 (Mo. Ct. App. 1995). The elements required to form a valid contract in Missouri are "offer, acceptance, and bargained for consideration." *Ellington v. Motors,* No. ED 106338, 2018 WL 4701475, at *3 (Mo. Ct. App. Oct. 2, 2018).

The First Amended Complaint includes all of the essential elements of an enforceable contract: Plaintiffs' offer to purchase the car as described, Defendants' acceptance of that offer and the purchase price of $125,000. Whether and to what extent, the subsequent signed documents Defendants argue are the contract are issues not properly before the Court at this time.

## Conclusion

Under the standards applicable to a motion to dismiss for failure to state a cause of action, the First Amended Complaint sets forth sufficient facts to notify Defendants of the claims against them.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. # 19] is **DENIED**.

Dated this 22nd day of October, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE